## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| BRANCH BANKING & TRUST COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO. _____ |
| ODYSSEY (VIII) DP I, LLC f/k/a ODYSSEY (VI) COMMERCIAL DP III, LLC, LAWRENCE TODD MAXWELL and WILLIAM D. DROST, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## <u>VERIFIED COMPLAINT</u>

**COMES NOW** Branch Banking and Trust Company ("BB&T"), and hereby files this its Verified Complaint ("Complaint") against Odyssey (VIII) DP I, LLC f/k/a Odyssey (VI) Commercial DP III, LLC ("Odyssey"), Lawrence Todd Maxwell ("Maxwell") and William D. Drost ("Drost"), and respectfully shows the Court as follows:

## THE PARTIES, JURISDICTION AND VENUE

1.

BB&T is a North Carolina corporation with its principal place of business located at 200 West Second Street, Third Floor, Winston-Salem, North Carolina 27101-4019.

2.

Odyssey is a Florida limited liability company conducting business in Georgia with its registered agent located in Georgia.  Odyssey may be served with process through its registered agent Corporation Service Company at 40 Technology Parkway South, Norcross, Gwinnett County, Georgia 30092.

3.

Maxwell is, upon information and belief, a resident of the state of Florida. Maxwell may be served with process at 500 South Florida Avenue, Suite 700, Lakeland, Florida 33801.

4.

Drost is, upon information and belief, a resident of the State of Florida. Drost may be served with process at 500 South Florida Avenue, Suite 700, Lakeland, Florida 33801.

WCSR 7652371v1

5.

This Court has jurisdiction over the Defendants because they have transacted business in the State of Georgia and because, with respect to Maxwell and Drost, they have consented to the jurisdiction of this Court.

6.

This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1332(a) in that this is a civil action where the controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

7.

This Court and Division is an appropriate venue with respect to all of the Defendants pursuant to 28 U.S.C. § 1391(a)(2) and Local Rule 3.1 because a substantial part of the events or omissions giving rise to the claim occurred in the Atlanta Division of the Northern District of Georgia.

## ODYSSEY'S LOAN OBLIGATION TO BB&T

8.

On March 19, 2008, Odyssey entered into a Promissory Note with BB&T in the amount of $5,175,000.00 (the "Promissory Note").  A true and correct copy of the Promissory Note is attached hereto as **Exhibit "A"** and is incorporated herein by reference.

9.

The Promissory Note was subsequently modified pursuant to a Note Modification Agreement dated March 19, 2010.  A true and correct copy of the Note Modification Agreement is attached hereto as composite **Exhibit "B"** and is incorporated herein by reference.

10.

The Promissory Note, as modified by the Note Modification Agreement, is hereinafter referred to as the "Odyssey Note."

11.

BB&T advanced funds to Odyssey pursuant to the Odyssey Note.

- 4 -

12.

In the Odyssey Note, Odyssey agreed that "[i]n the event this Note, or any part thereof, is collected by or through an attorney at law, [Odyssey] agree[s] to pay all costs of collection including, but not limited to, reasonable attorney's fees."

13.

In order to secure the repayment of the Odyssey Note, on March 19, 2008, Odyssey executed a Deed to Secure Debt, Absolute Assignment of Rents and Security Agreement ("Deed to Secure Debt"), wherein it conveyed to BB&T all of its right, title and interest in and to certain real property situated in Land Lot 197 of the 13th District of Fulton County, Georgia.

14.

BB&T properly perfected its security interest in the property described by the Deed to Secure Debt by recording it in the real property records of Fulton County, Georgia, at Deed Book 46519, Page 545.

15.

The Deed to Secure Debt was modified on March 19, 2010.

WCSR 7652371v1

16.

BB&T properly recorded the modification to the Deed to Secure Debt in the real property records of Fulton County, Georgia, at Deed Book 49049, Page 453.

17.

True and correct copies of the Deed to Secure Debt and the modification thereto are attached hereto as composite **Exhibit "C"** and are incorporated herein by reference. (These documents are sometimes hereinafter collectively referred to as the "Security Deed.")

## THE GUARANTIES

18.

Maxwell executed an Unconditional Guaranty, Security Agreement, Subordination, and Indemnity dated March 18, 2008 (the "Maxwell Guaranty"), guaranteeing all obligations owed to BB&T by Odyssey under the Odyssey Note. A true and correct copy of the Maxwell Guaranty is attached hereto as **Exhibit "D"** and incorporated herein by reference.

19.

Drost executed a Guaranty Agreement dated March 18, 2008 (the "Drost Guaranty"), guaranteeing the obligations owed to BB&T by Odyssey under the Odyssey Note. A true and correct copy of the Drost Guaranty is attached hereto as

- 6 -

**Exhibit "E"** and incorporated herein by reference. (The Maxwell Guaranty and Drost Guaranty are sometimes hereinafter collectively referred to as the "Guaranties.")

20.

In the Guaranties, Maxwell and Drost agreed as follows: "[Maxwell and Drost] hereby (a) submit to personal jurisdiction in the State of Georgia for the enforcement of this Guaranty, and (b) waive any and all personal rights under the law of any state to object to the jurisdiction within the State of Georgia for the purposes of litigation to enforce this Guaranty."

21.

In the Guaranties, Maxwell and Drost further agreed as follows:

> For the purpose of seeking to induce [BB&T] to extend credit to [Odyssey] ("Borrower"), The Undersigned [Maxwell and Drost] unconditionally guarantee . . . the full and prompt payment when due, whether by acceleration or otherwise, with such interest as may accrue thereon . . . of that certain Note . . . made by Borrower to the order of [BB&T] in the principal face amount of Five Million One Hundred Seventy-Five Thousand Dollars and No Cents ($5,175,000.000). . . . and, (b) the full and prompt payment and performance of any and all other obligations of Borrower to [BB&T] under any other documents or instruments now or hereafter evidencing, securing, or otherwise relating to the indebtedness evidenced by the Note . . . Guarantor does hereby agree that if the Note is not paid by the Borrower in accordance with its terms, or if any and all sums which are now or may hereafter become due from Borrower to [BB&T] are not paid by Borrower in accordance with its terms, Guarantor will immediately upon demand make such payments.

\* \* \*

This is a guaranty of payment and performance and not of collection. The liability of [Maxwell and Drost] under [these Guaranties] shall be direct and immediate and not conditional or contingent upon the pursuit of any remedies against Borrower or any other persons.

\* \* \*

[Maxwell and Drost] further agree to pay [BB&T] all expenses (including reasonable attorneys' fees) paid or incurred by [BB&T] in endeavoring to collect and enforce the Obligations of Borrower guaranteed hereby, or any portion thereof, or to enforce this Guaranty.

## THE DEFAULT AND FORECLOSURE SALE

### 22.

As of on or about August 5, 2010, Odyssey was in default under the Odyssey Note for failing to pay the Odyssey Note in full at maturity.

### 23.

On August 5, 2010, counsel for BB&T: (a) notified Odyssey, Maxwell and Drost that Odyssey was in default under the Odyssey Note failing to pay the indebtedness in full at maturity; and (b) demanded payment of the indebtedness (the "Odyssey Notice Letter").

24.

The Odyssey Notice Letter also informed Odyssey, Maxwell and Drost that BB&T intended to exercise the foreclosure remedies available to it under the Security Deed and contained the advertisement announcing the foreclosure sale of the real property to be sold (the "Property"), which was secured by the Security Deed.

25.

A true and correct copy of the Odyssey Notice Letter is attached hereto as **Exhibit "F"** and incorporated herein by reference.

26.

The Odyssey Notice Letter included a proper notice, pursuant to O.C.G.A. § 13-1-11, to Odyssey, Maxwell and Drost that BB&T intended to enforce the attorneys' fees provisions in the Odyssey Note and the Guaranties if Defendants did not pay the outstanding principal and interest due within ten (10) days of their receipt of the Odyssey Notice Letter.

27.

Defendants failed to pay the outstanding principal and interest due within ten (10) days of their receipt of the Odyssey Notice Letter.

28.

On September 7, 2010, BB&T sold the Property at a properly advertised and conducted foreclosure sale in Fulton County (the "Foreclosure Sale").  At the Foreclosure Sale, the Property was sold to a BB&T subsidiary, Atlas GA II SPE, LLC, the sole bidder, for $3,900,000.

29.

On March 17, 2011, the Superior Court of Fulton County entered an Order Confirming Foreclosure Sale (the "Confirmation Order"). A true and correct copy to the Confirmation Order is attached hereto as **Exhibit "G"** and is incorporated herein by reference.

30.

As of the date of the Foreclosure Sale, the balance due on the Odyssey Note substantially exceeded the $3,900,000.00 sale price for the Property.

31.

As of the filing of this lawsuit, Odyssey remains in default under the terms of the Odyssey Note for failing to pay the balance due on the Odyssey Note, which matured on June 19, 2010.

WCSR 7652371v1

32.

As of the filing of this lawsuit, Maxwell remains in default under the terms of the Maxwell Guaranty for failing to pay the balance due on the Odyssey Note.

33.

As of the filing of this lawsuit, Drost remains in default under the terms of the Drost Guaranty for failing to pay the balance due on the Odyssey Note.

34.

As of February 13, 2013, the outstanding balance of the Odyssey Note remaining after application of the proceeds of the confirmed Foreclosure Sale, inclusive of accrued interest, late charges, and other applicable charges and fees, but exclusive of attorneys' fees and expenses, is $762,032.50.  Interest continues to accrue at a rate of $145.02 per diem.

35.

Pursuant to the terms of the Odyssey Note, and in accordance with the Notice Letter, Odyssey, Maxwell and Drost are also liable for statutory attorneys' fees as provided in O.C.G.A. § 13-1-11.

## COUNT I:
## (AGAINST ODYSSEY)
## BREACH OF PROMISSORY NOTE

36.

BB&T incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of its Complaint.

37.

In the actions described above, Odyssey violated numerous promises, covenants and agreements it made with BB&T including, without limitation, agreements contained in the Odyssey Note.

38.

Odyssey is in default under the terms of the Odyssey Note.

39.

 BB&T has demanded payment from Odyssey of the amounts due under the Odyssey Note, but Odyssey has failed and/or refused to make these payments, and the indebtedness remains unpaid.

40.

BB&T is entitled to judgment against Odyssey for the amounts due under the Odyssey Note.  Exclusive of attorneys' fees and costs, the amount owed under

the Odyssey Note is $762,032.50 as of February 13, 2013, with interest continuing to accrue at a rate of $145.02 per diem.

## COUNT II:
## (AGAINST GUARANTORS)
## BREACH OF GUARANTY

41.

BB&T incorporates and realleges as if fully set forth herein, the allegations contained in foregoing paragraphs of its Complaint.

42.

Odyssey is in default of the Odyssey Note for failing to pay the loan evidenced thereby in full at maturity.

43.

Pursuant to the Guaranties, Maxwell and Drost are liable to BB&T for all of the payment obligations of Odyssey to BB&T under the Odyssey Note.

44.

BB&T has demanded payment from Maxwell and Drost of the amounts due under the Odyssey Note, but Maxwell and Drost have failed and/or refused to make these payments, and the indebtedness remains unpaid.

45.

BB&T is entitled to judgment against Maxwell and Drost for the amounts due under the Odyssey Note.  Exclusive of attorneys' fees and costs, the amount

- 13 -

WCSR 7652371v1

owed under the Odyssey Note is $762,032.50 as of February 13, 2013, with interest continuing to accrue at a rate of $145.02 per diem.

**COUNT III:**
**(AGAINST DEFENDANTS)**
**ATTORNEYS' FEES**
46.

BB&T incorporates and realleges, as if fully set forth herein, the allegations contained in foregoing paragraphs of its Complaint.

47.

The Odyssey Note and the Guaranties provide for the collection of reasonable attorneys' fees if the Note is collected by an attorney.  Pursuant to O.C.G.A. §13-1-11, Odyssey, Maxwell, and Drost were given notice by BB&T of BB&T's intention to enforce the attorneys' fees provisions and to collect its reasonable attorneys' fees.

48.

Pursuant to O.C.G.A. §13-1-11, BB&T is entitled to recover against Odyssey, Maxwell, and Drost its reasonable attorneys' fees.

49.

Pursuant to O.C.G.A. §13-1-11, reasonable attorneys fees are calculated as fifteen percent (15%) of the first $500.00 of principal and interest owed on the Odyssey Note and ten percent (10%) of the amount of principal and interest owed

- 14 -

thereon in excess of $500.00.   With respect to the Odyssey Note, the default

amount that has been or is being collected by or through an attorney is

$4,495,292.47, with interest accruing at a rate of $679.04 per diem, as of August 5,

2010, and the statutory attorneys' fees owed on this amount as of February 13,

2013 are $512,229.64, which continue to accrue at a rate of $67.90 per diem.

**WHEREFORE**, BB&T prays that the Court:

A.    Enter judgment in favor of BB&T and against the Defendants, jointly

and severally under the Odyssey Note and the Guaranties, in the

amount of $762,032.50 as of February 13, 2013, with additional

interest accruing through the date of judgment as provided in the

Odyssey Note at the rate of $145.02 per diem;

B.    Award BB&T its statutory attorneys' fees against the Defendants,

jointly and severally, in the amount of $512,229.64 as of February 13,

2013, with additional attorneys' fees accruing at a rate of $67.90 per

diem;

C.    Award BB&T post-judgment interest; and

D.    Grant such other and further relief as this Court deems just and

proper.

WCSR 7652371v1

Respectfully submitted, this 28th day of February, 2013.

**WOMBLE CARLYLE SANDRIDGE & RICE**
*A Limited Liability Partnership*

By:    /s/ Arthur A. Ebbs
         G. William Long III
         State Bar No. 457062
         Arthur A. Ebbs
         State Bar No. 416181

271 17th Street
Suite 2400
Atlanta, Georgia  30363
Telephone:  (404) 872-7000
Facsimile:    (404) 888-7490
Email: wlong@wcsr.com; aebbs@wcsr.com

*Attorneys for Branch Banking and Trust Company*

- 16 -

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1D, this is to certify that the foregoing *Verified Complaint* complies with the font and point selections approved by the Court in L.R. 5.1C. The foregoing document was prepared on a computer using Times New Roman font (14 point).

WOMBLE CARLYLE SANDRIDGE & RICE
*A Limited Liability Partnership*

By:    /s/ Arthur A. Ebbs
       G. William Long III
       Georgia Bar No. 457062
       Arthur A. Ebbs
       Georgia Bar No. 416181