# EXHIBIT A

# PROMISSORY NOTE

March 19, 2008
Atlanta, Georgia
$5,175,000.00

FOR VALUE RECEIVED, the undersigned ODYSSEY (VI) COMMERCIAL DP III, LLC, a Florida limited liability company (hereinafter referred to as "Maker"), promises to pay to the order of **BRANCH BANKING AND TRUST CO.** (hereinafter referred to as "Payee"; Payee, and any successor holder(s) hereof from time to time, being hereinafter referred to as "Holder"), at the offices of Holder at 676 Chastain Road, Kennesaw, Georgia 30144, Attention: Commercial Real Estate Lending, or at such other place as Holder may designate to Borrower in writing from time to time, the principal sum of FIVE MILLION ONE HUNDRED SEVENTY-FIVE THOUSAND AND NO/00 ($5,175,000.00) or so much thereof as may be advanced hereunder together with interest thereon, or on so much thereof as is from time to time outstanding and unpaid, at the rate hereinafter set forth, in lawful money of the United States of America, which shall at the time of payment be legal tender in payment of all debts and dues, public and private, such principal and interest to be calculated and paid in the following manner, to-wit:

**Applicable Interest Rate.**

a. From and after the date hereof until maturity interest shall accrue at the rate of 30-Day LIBOR plus Two and three-quarters percent (2.75%) per annum (the "Applicable Interest Rate"). As used herein, "LIBOR" or "30-Day LIBOR" shall mean a per annum interest rate as quoted by Telerate for U.S. dollar deposits for a 30-Day period in the London interbank market in an amount approximately equal to the amount of the Debt. The 30-Day LIBOR used in calculating the first monthly interest payment on the date hereof shall be 3.111% per annum and the Applicable Interest Rate used in calculating such first monthly interest payment shall be **5.861%** per annum. The Applicable Interest Rate shall be adjusted on the day that the first interest payment is due and on the first day of each calendar month thereafter in accordance with any change in the 30-Day LIBOR as of the date two business days prior to each such adjustment date. In the event Telerate ceases to be available or ceases to display the 30-Day LIBOR, Payee shall select a comparable publication or service to determine the 30-Day LIBOR and shall provide notice thereof to Borrower. Interest shall be computed on a 360-day year simple interest basis.

b. Upon written notice from Lender to Borrower given at any time on or after April 19, 2009, Lender may increase the margin used in the determination of the Applicable Interest Rate, as set forth in the immediately preceding paragraph, from Two point Seven Five Percent (2.75%) to Three point Zero Percent (3.0%) in the event Borrower has not demonstrated that as of April 19, 2009 the property remaining as security for the repayment of the obligations represented by this Promissory Note, as more specifically described in a Deed to Secure Debt, Security Agreement and Absolute Assignment of Rents of even date herewith (the "Property" herein), is not then subject to leases (including leases under which the tenant thereunder has not yet entered into possession), with tenants acceptable to Lender and under terms and conditions consistent with Lenders's underwriting of the loan represented by this Promissory Note and otherwise acceptable to Lender, for not less than 50% of the rentable area of such property.

c. If Borrower has timely exercised the Extension Option as hereinafter provided and met all of the conditions thereof, the Applicable Interest Rate shall be determined as set forth in the immediately

Ln#: 9542002260-00002

preceding paragraph except that the Applicable Interest Rate shall be adjusted *quarterly* effective with the first payment date of the Extension Option, April 1, 2010, and on the first day of each third month thereafter, as of the date two business days prior to each such adjustment date.

**Payment.**

a. Interest only at said rate shall be due and payable monthly, in arrears, commencing on **April 19, 2008** and continuing on the same day of each and every month thereafter through and including **March 19, 2010**, at which time the entire outstanding principal balance hereof, together with all accrued but unpaid interest, shall be due and payable in full unless Borrower shall have timely exercised the Extension Option as hereinafter provided.

b. If Borrower has timely exercised the Extension Option as hereinafter provided and met all of the conditions thereof, the aforesaid maturity date shall be extended until **April 19, 2011** and Borrower shall make installment payments of principal and interest commencing **April 19, 2010** equal to the amount necessary to amortize the principal balance outstanding from time to time over a period of time equal to Twenty Five (25) years from April 1, 2011 at the then Applicable Interest Rate continuing on the same day of each and every month thereafter until **April 19, 2011**, at which time the entire outstanding principal balance hereof, together with all accrued but unpaid interest, shall be due and payable in full.

c. This Note may be prepaid at par, in whole or in part, upon 10 days advance written notice to the Lender.

**Extension Option and Conditions.**

Borrower may extend the maturity date hereunder to April 19, 2011 by written notification to Lender delivered not more than 90 days and not less than 30 days prior to March 19, 2010 upon and subject to the following conditions, effective both at the date of such notice and at the commencement of such extension term:

There shall be no default nor any conditions that exist are reason of which a default is pending or imminent under the terms of this Promissory Note or any other of the loan documents associated with the loan represented by this Promissory Note;

Borrower's payment history under this Promissory Note has been satisfactory to Lender;

All improvements to the Property (excluding only interior tenant improvements for on leased space) are complete in a good and workmanlike manner, with a final Certificate of Occupancy issued by Fulton County, Georgia;

Borrower has delivered to Lender copies of all executed leases concerning the Property and such leases evidence that not less than 75% of the Property is subject to leases with tenants acceptable to Lender upon terms and conditions consistent with Lender's underwriting of the loan represented by this Promissory Note;

There shall have been no material adverse change in the financial condition of the Borrower or any Guarantor, nor in the physical condition of the Property, as determined in the reasonable discretion of the Lender; and

Ln#: 9542002260-00002

Borrower shall pay to Lender with such notification an extension fee equal to .25% of the original principal amount of this Promissory Note.

**Other Terms and Conditions.**

If from any circumstances whatsoever fulfillment of any provision of this Note at the time performance of such provision shall be due shall involve transcending the limit of validity presently prescribed by any applicable usury statute or any other applicable law, with regard to obligations of like character and amount, then, ipso facto, the obligation to be fulfilled shall be reduced to the limit of such validity, so that in no event shall any exaction be possible under this Note or under any other instrument evidencing or securing the indebtedness evidenced hereby, that is in excess of the current limit of such validity, but such obligation shall be fulfilled to the limit of such validity.

In the event any installment or other payment due hereunder is not received by the Holder within ten (10) days after the date on which it is due, Borrower shall additionally be obligated to pay and shall pay a late fee equal to 5% of the amount and then due.

TIME IS OF THE ESSENCE OF THIS NOTE. The failure to pay any part of the principal or interest when due on this Note or to fully perform any covenant, obligation or warranty on this or on any other liability to the Bank by any one or more Borrower(s), by any affiliate of the Borrower(s) (as defined in 11USC Section (101) (2)), or by any guarantor or surety of this Note (said affiliate, guarantor, and surety are herein called Obligor); or if any financial statement or other representation made to the Lender by any Borrower(s) or any Obligor shall be found to be materially incorrect or incomplete; or if any of the undersigned shall fail to furnish information to the Lender sufficient to verify the identity of the undersigned as required under the USA Patriot Act; or in the event of a default pursuant to any loan agreement, security agreement, deed to secured deb or other obligation of any of the undersigned or any Obligor in favor of the Lender; or in the event the Lender demands that the undersigned secure or provide additional security for its obligations under this Note and security deemed adequate and sufficient by the Lender is not given when demanded; or in the event one or more of the Borrower(s) or any Obligor shall die, terminate its existence, allow the appointment of a receiver for any part of its property, make an assignment for the benefit of creditors, or where a proceeding under bankruptcy or insolvency laws is initiated by or against any of the undersigned or any Obligor; or in the event the Bank should otherwise deem itself, its security interest, or any collateral unsafe or insecure; or should the Lender in good faith believe that the prospect of payment or other performance is impaired; or if there is an attachment, execution, or other judicial seizure of all or any portion of the Borrower's or any Obligor's assets, including an action or proceeding to seize any funds on deposit with the Lender, and such seizure is not discharged within 20 days; or if final judgment for the payment of money shall be rendered against the Borrower or any Obligor which is not covered by insurance or debt cancellation and shall remain undischarged for a period of 30 days unless such judgment or execution thereon is effectively stayed; or the termination of any guaranty agreement given in connection with this Note, then any one of the same shall be a material default hereunder and this Note and other debts due the Lender hereunder shall immediately become due and payable without notice, at the option of the Lender.

From and after any event of default hereunder, interest shall accrue on the sum of the principal balance and accrued interest then outstanding at a rate equal to 500% above the rate of interest otherwise established herein ("Default Rate"), and it is expressly agreed that such rate shall apply after judgement. In the event of any default, the then remaining unpaid principal amount and accrued but unpaid interest then outstanding shall bear interest at the Default Rate called for hereunder until such principal and

Ln#: 9542002260-00002

interest have been paid in full. In addition, upon default, the Lender may pursue its full legal remedies at law or equity, and the balance due hereunder may be charged against any obligation of the Lender to any party including any Obligor. Lender shall not be obligated to accept any check, money order, or other payment instrument marked "payment in full" on any disputed amount due hereunder, and Lender expressly reserves the right to reject all such payment instruments. Borrower agrees that tender of its check or other payment instrument so marked will not satisfy or discharge its obligation under this Note, disputed or otherwise, even if such check or payment instrument is inadvertently processed by Lender unless in fact such payment is in fact sufficient to pay the amount due hereunder.

In the event this Note, or any part thereof, is collected by or through an attorney at law, Borrower agrees to pay all costs of collection including, but not limited to, reasonable attorney's fees.

Presentment for payment, demand, protest and notice of demand, notice of dishonor and notice of nonpayment and all other notices are hereby waived by Borrower. No failure to accelerate the debt evidenced hereby by reason of default hereunder, acceptance of a past due installment, or indulgences granted from time to time shall be construed (i) as a novation of this Note or as a restatement of the indebtedness evidenced hereby or as a waiver of such right of acceleration or of the right of Holder thereafter to insist upon strict compliance with the terms of this Note, or (ii) to prevent the exercise of such right of acceleration or any other right granted hereunder or by applicable law; and Borrower hereby expressly waives the benefit of any statute or rule of law or equity now provided, or which may hereafter be provided, which would produce a result contrary to or in conflict with the foregoing. No delay or omission on the part of the Lender in exercising any right hereunder shall operate as a waiver of such right or of any other right of such holder, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or of any other right on any future occasion. No extension of the time for the payment of this Note or any installment due hereunder, made by agreement with any person now or hereafter liable for the payment of this Note shall operate to release, discharge, modify, change or affect the original liability of Borrower under this Note, either in whole or in part unless Holder agrees otherwise in writing. This Note may not be changed orally, but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification or discharge is sought.

Borrower hereby waives and renounces for itself, its heirs, successors and assigns, all rights to the benefits of any statute of limitations, any moratorium, reinstatement, marshaling, forbearance, valuation, stay, extension, redemption, appraisement and exemption now provided, or which may hereafter be provided, by the Constitution and laws of the United States of America and of any state thereof, against the enforcement and collection of the obligations evidenced by this Note. Borrower hereby transfers, conveys and assigns to Holder a sufficient amount of such homestead or exemption as may be set apart in bankruptcy, to pay this Note in full, with all costs of collection, and does hereby direct any trustee in bankruptcy having possession of such homestead or exemption to deliver to Holder a sufficient amount of property or money set apart as exempt to pay the indebtedness evidenced hereby, or any renewal thereof, and does hereby appoint Holder the attorney-in-fact for Borrower to claim any and all homestead exemptions allowed by law.

**Secured Obligation.**

The indebtedness evidenced by this Note and the obligations created hereby are secured by a security deed made on even date herewith by Borrower as "Grantor" in favor of Holder as "Grantee" concerning the Property as described therein.

Ln#: 9542002260-00002

This Note is intended as a contract under and shall be construed and enforceable in accordance with the laws of the State of Georgia.

As used herein, the terms "Borrower" and "Holder" shall be deemed to include their respective heirs, successors, legal representatives and assigns, as the case may be, whether by voluntary action of the parties or involuntary by operation of law.

**WAIVER OF TRIAL BY JURY.** UNLESS EXPRESSLY PROHIBITED BY APPLICABLE LAW, THE UNDERSIGNED HEREBY WAIVE THE RIGHT TO TRIAL BY JURY OF ANY MATTERS OR CLAIMS ARISING OUT OF THIS NOTE OR ANY LOAN DOCUMENT EXECUTED IN CONNECTION HEREWITH OR OUT OF THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND LENDER. THIS PROVISION IS A MATERIAL INDUCEMENT FOR LENDER TO MAKE THE LOAN EVIDENCED BY THIS NOTE. FURTHER, THE UNDERSIGNED HEREBY CERTIFY THAT NO REPRESENTATIVE OR AGENT OF LENDER, NOR LENDER'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT LENDER WOULD NOT SEEK TO ENFORCE THIS WAIVER OR RIGHT TO JURY TRIAL PROVISION IN THE EVENT OF LITIGATION. NO REPRESENTATIVE OR AGENT OF LENDER, NOR LENDER'S COUNSEL, HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.

IN WITNESS WHEREOF, Borrower has executed this Note under seal on the date first above written.

Borrower:

Odyssey (VI) Commercial DP III, LLC
a Florida limited liability company
by: Odyssey Management VI, LLC, a Florida limited liability company, its Manager

By: _____
Jim D. Lee, Vice-President

## ACKNOWLEDGMENT

STATE OF FLORIDA
COUNTY OF POLK

The foregoing instrument was acknowledged before me this 17 day of March 2008, by Jim D. Lee who is the Vice-President of Odyssey Management VI, LLC, a Florida limited liability company, who is the Manager of Odyssey (VI) Commercial DP III, LLC, a Florida limited liability company and who is personally known to me _____ or produced the following identification _____.

_____
Notary Public

DERANDA R. EVANS
Notary Public - State of Florida
My Commission Expires Nov 27, 2009
Commission # DD 672646
Bonded Through National Notary Assn.

Ln#: 9542002260-00002