# EXHIBIT B

## MODIFICATION TO PROMISSORY NOTE

THIS MODIFICATION TO PROMISSORY NOTE ("Agreement") is entered into as of March 19, 2010, by and between ODYSSEY (VIII) COMMERCIAL DP I, LLC, a Florida limited liability company formerly known as ODYSSEY (VI) COMMERCIAL DP III, LLC ("Borrower"), and BRANCH BANKING & TRUST COMPANY, a North Carolina banking corporation ("Lender").

### WITNESSETH:

WHEREAS, as of March 19, 2008, Borrower and Lender, entered into that certain loan transaction ("Loan") pursuant to which Borrower executed a promissory note in the amount of $5,175,000.00 (as it may have been modified from time to time, the "Note"), which Note was further evidenced and secured by, inter alia, that certain Deed to Secure Debt, Absolute Assignment of Rents and Security Agreement dated as of March 19, 2008 and recorded in Deed Book 46519, Page 545, Fulton County, Georgia Records (as it may have been modified from time to time, the "Security Deed"), (the aforesaid Note, Security Deed and all other documents executed in connection with the Loan, are hereinafter collectively referred to as the "Loan Documents"); and

WHEREAS, Borrower has requested that Lender renew and extend the maturity date of the Loan to June 19, 2010; and

WHEREAS, Lender has agreed to so extend the Loan in accordance with the aforementioned request, subject to the terms and conditions hereof and the execution by Borrower of such other documents as Lender may reasonably request.

NOW, THEREFORE, for and in consideration of the premises contained herein and other good and valuable considerations, the receipt and sufficiency of which are hereby acknowledged, Borrower agrees with Lender as follows:

1. Recitals. The recitals set forth hereinabove and all terms and conditions of the Loan Documents are incorporated herein as if fully set forth, and the effective date of this Agreement is deemed to be the date hereof.

2. Amendment to the Note. The Note is hereby amended to change the rate at which interest shall accrue on the outstanding indebtedness of the Loan to the variable rate of 30-day LIBOR plus four and one-half percent (4.5%) (the "Modified Applicable Interest Rate"). Any and all references in the Note to the Applicable Interest Rate shall hereafter be deemed to refer to the Modified Applicable Interest Rate. The Modified Applicable Interest Rate will not exceed a fixed maximum rate of 16.00% and will not decrease below a minimum rate of 5.5%. Borrower shall pay Lender accrued interest monthly commencing on April 19, 2010 and continuing on the same day of each calendar period thereafter, with one final payment of all remaining principal and interest due on June 19, 2010.

WCSR 4355930v1

3. <u>Maturity Date</u>. The Note is hereby amended to reflect that the Loan shall mature on June 19, 2010.

4. <u>Ratification of Borrower</u>. Borrower ratifies, confirms, and reaffirms its obligations owed to Lender under the Loan and the accuracy of all representations and warranties contained in the Loan Documents, and that this Agreement shall not constitute a novation of the indebtedness evidenced by the Loan Documents, that the terms and provisions of the Loan Documents shall remain valid and in full force and effect, except as herein modified and amended, that this Agreement shall in no way occasion a release of any collateral, and that all collateral held by Lender as security to or for the Loan shall continue to secure the Loan. Borrower hereby authorizes and directs Lender to take action necessary to conform the Loan Documents to the terms as herein modified and accept and confirm the Loan Documents with the terms herein modified.

5. <u>No Waiver of Implication</u>. Borrower hereby agrees that nothing herein shall constitute a waiver by Lender of any default, whether known or unknown, which may exist under the Loan Documents. Borrower hereby further agrees that no action, inaction or agreement by Lender, including, without limitation, any extension, indulgence, waiver, consent, or agreement of modification which may have occurred or been granted or entered into (or which may be occurring or be granted or entered into hereunder or otherwise) with respect to non-payment of the Loan or any portion thereof, or with respect to matters involving security for the Loan, or with respect to any other matter relating to the Loan, shall require or imply any future extension, indulgence, waiver, consent or agreement by Lender. Borrower hereby acknowledges and agrees that Lender has made no agreement, and is in no way obligated, to grant any future extension, indulgence, waiver or consent or enter into any further agreement of modification with respect to the Loan.

6. <u>Status</u>. Borrower hereby represents and agrees that the Loan Documents as modified hereby constitutes the entire agreement between Borrower and Lender with respect to the Loan Documents. Nothing herein shall constitute and there has not otherwise occurred any extinguishment or release of or substitution for the obligations and agreements of Borrower under the Security Deed or any of the other Loan Documents, except as specifically provided in this Agreement, and nothing herein shall constitute and there has not otherwise occurred any novation with respect to the Security Deed, any other Loan Documents.

7. <u>Successors and Assigns</u>. This Agreement shall be binding upon and shall inure to the benefit of the parties hereto, their respective heirs, successors, successors-in-title and assigns.

8. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia.

WCSR 4355930v1

9. Counterparts. This Agreement may be executed in two or more counterparts, each of which when so executed and delivered shall be an original but all of which together shall constitute one and the same instrument.

10. Time of the Essence. Time is of the essence of this Agreement.

11. Severability. If any clause, sentence, section or provision of this Agreement is or becomes illegal, invalid or unenforceable because of present or future laws or any rule or regulation of any governmental body or entity, the intention of the parties hereto is that the remaining parts of this Agreement shall not be affected thereby.

12. Construction. Borrower and Lender have each been represented by their respective counsel in the negotiation and execution of this Agreement, and said parties each acknowledge and agree that they have participated in the preparation and negotiation of this Agreement. No party hereto shall be deemed the scrivener of this Agreement, and it is the intent and agreement of Borrower and Lender that this Agreement shall not be construed strictly for or against any party hereto.

13. Miscellaneous. All personal pronouns used herein whether used in the masculine, feminine or neuter gender, shall include all other genders; the singular shall include the plural, and vice versa. Titles of articles and sections as set forth herein are for convenience only and in no way define, limit, amplify or describe the scope or intent of any provisions hereof.

14. No Other Modification. Except as expressly amended and modified herein, all terms, covenants and provisions of the Loan Documents shall remain unaltered and in full force and effect, and the parties hereto do hereby expressly ratify and confirm the Loan Documents as modified hereby.

15. Consent of Guarantors. Lawrence Todd Maxwell ("Maxwell") and William D. Drost ("Drost" and collectively with Maxwell, the "Guarantors") each executed an Unconditional Guaranty, Security Agreement, Subordination and Indemnity in connection with the Loan. Guarantors have executed this Agreement to signify their consent to the modifications set forth herein.

[SIGNATURES ON FOLLOWING PAGES]

WCSR 4355930v1

3

IN WITNESS WHEREOF, the parties hereto have executed this Agreement under seal effective as of March 19, 2010.

BORROWER:

ODYSSEY (VIII) COMMERCIAL DP I, LLC, a Florida limited liability company formerly known as ODYSSEY (VI) COMMERCIAL DP III, LLC

By: Odyssey Diversified Properties, Inc., a Maryland corporation, its sole manager

By: _____(SEAL)
Benjamin Falk, its Vice President

GUARANTORS:

_____(SEAL)
Lawrence Todd Maxwell

_____(SEAL)
William D. Drost

[SIGNATURES CONTINUED ON NEXT PAGE]

Signature Page For
Modification to Promissory Note
Page 1 of 2

WCSR 4355930v1

IN WITNESS WHEREOF, the parties hereto have executed this Agreement under seal effective as of March 19, 2010.

        BORROWER:

        ODYSSEY (VIII) COMMERCIAL DP I, LLC, a Florida limited liability company formerly known as ODYSSEY (VI) COMMERCIAL DP III, LLC

        By:   Odyssey Diversified Properties, Inc., a Maryland corporation, its sole manager

            By:_____(SEAL)
                  Benjamin Falk, its Vice President

GUARANTORS:

_____(SEAL)
Lawrence Todd Maxwell

_____(SEAL)
William D. Drost

[SIGNATURES CONTINUED ON NEXT PAGE]

LENDER:

BRANCH BANKING & TRUST COMPANY, a North Carolina banking corporation

By: _____
Randy Jones, Senior Vice President

[BANK SEAL]