# EXHIBIT F



**WOMBLE CARLYLE SANDRIDGE & RICE**
A PROFESSIONAL LIMITED LIABILITY COMPANY

271 17th Street, NW
Suite 2400
Atlanta, GA 30363-1017

Telephone: (404) 872-7000
Fax: (404) 888-7490
www.wcsr.com

R. Russell Berry
Direct Dial: (404) 888-7468
Direct Fax: (404) 870-4827
E-mail: rberry@wcsr.com

August 5, 2010

Odyssey (VIII) DP I, LLC
500 South Florida Avenue
Suite 700
Lakeland, Florida 33801

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7006 2150 0004 1370 4480
VIA REGULAR MAIL
VIA FEDERAL EXPRESS

Mr. Lawrence Todd Maxwell
500 South Florida Avenue
Suite 700
Lakeland, Florida 33801

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7006 2150 0004 1370 4497
VIA REGULAR MAIL
VIA FEDERAL EXPRESS

Mr. William D. Drost
500 South Florida Avenue
Suite 700
Lakeland, Florida 33801

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7006 2150 0004 1370 4503
VIA REGULAR MAIL
VIA FEDERAL EXPRESS

Re: Branch Banking and Trust Company Loan No. 954200226000002 (the "Loan") to Odyssey (VI) Commercial DP III, LLC, a Florida limited liability company, now known as Odyssey (VIII) DP I, LLC, a Florida limited liability company (the "Borrower").

Gentlemen:

This Firm represents Branch Banking and Trust Company ("Lender") in connection with the collection of the indebtedness owed under the Loan. The Loan is evidenced, secured and guaranteed by the following documents:

1. Promissory Note dated March 19, 2008 in the original principal amount of $5,175,000.00 made by Borrower to the order of Lender, as modified by Modification to Promissory Note dated March 19, 2010 (collectively, the "Note");

2. Deed to Secure Debt, Absolute Assignment of Rents and Security Agreement dated March 19, 2008 from Borrower to Lender and recorded in Deed Book 46519, Page 545, Fulton County, Georgia Records, as modified by Deed to Secure Debt Modification Agreement dated March 19, 2010 and recorded in Deed Book

GEORGIA / SOUTH CAROLINA / NORTH CAROLINA / VIRGINIA / WASHINGTON D.C. / MARYLAND / DELAWARE

WCSR 4407236v1

Womble
Carlyle
Sandridge
& Rice
PLLC

Odyssey (VIII) DP I, LLC
August 5, 2010
Page 2

    49049, Page 453, aforesaid records, as affected by Scrivener's Affidavit dated July 1, 2010 and recorded in Deed Book 49157, Page 425, aforesaid records (collectively, the "Security Deed");

3. Unconditional Guaranty, Security Agreement, Subordination and Indemnity executed by Lawrence Todd Maxwell dated March 18, 2008 (the "Maxwell Guaranty"); and

4. Unconditional Guaranty, Security Agreement, Subordination and Indemnity executed by William D. Drost dated March 18, 2008 (the "Drost Guaranty").

Lawrence Todd Maxwell and William D. Drost are hereinafter referred to as the "Guarantors". The Note, the Security Deed, the Maxwell Guaranty and the Drost Guaranty, together with all other documents evidencing and securing the Loan, are hereinafter referred to as the "Loan Documents".

  As of August 5, 2010, the principal balance of the Loan is $4,444,639.75 and accrued interest is $50,652.72. Fees, expenses and interest continue to accrue as provided in the Loan Documents, and the per diem interest is $679.04. The security under the Loan Documents is the Old National Station Shopping Center located at 2220 Jonesboro Road, Fulton County, Georgia, including all improvements located on said property, and being hereinafter referred to as the "Property".

  The Loan Documents are in default as a result of breaches in the terms and provisions thereof, including, but not limited to, the default resulting from Borrower's failure to pay the indebtedness in full at maturity as required under the terms of the Note, which maturity occurred on June 19, 2010. Thus, the entire unpaid balance of principal and interest is now immediately due and payable and demand is hereby made upon Borrower and Guarantors for full payment of the total outstanding indebtedness owed under the Note and all other Loan Documents.

  Time is of the essence for all purposes of this letter. Any partial payment of the above recited amounts will be at your risk and acceptance by Lender of any such partial payment will not constitute compliance with the terms of this letter and will not constitute reinstatement of the payment terms of the Note. The recital herein of a default is not to be deemed a waiver of any other defaults, or conditions which, upon the passage of time may become defaults which are existing but not specified whether or not the same are known to Lender.

  Pursuant to Section 13-1-11 of the Official Code of Georgia Annotated, as amended, unless full payment of the outstanding principal, interest and other costs and charges is made within ten (10) days from your receipt hereof, Lender will have no alternative but to enforce the provisions in the Loan Documents relative to the payment of statutory attorneys' fees, in addition to the provisions regarding principal, interest, late charges, costs and fees of collection. If, however, the outstanding principal and interest (and late charges and other costs and fees of collection, if allowed by applicable law) are paid in full before the expiration of such ten (10) day period, then the obligation to pay the statutory attorneys' fees as contained in the Loan

WOMBLE
CARLYLE
SANDRIDGE
& RICE
PLLC

Odyssey (VIII) DP I, LLC
August 5, 2010
Page 3

Documents shall not be enforced; however, Lender does expressly reserve all rights and remedies available to it under applicable law regarding collection of reasonable attorneys' fees and other expenses incurred by or on behalf of Lender.

Please be advised that Lender intends to exercise the foreclosure remedy available to it under the Loan Documents, and in this regard, Lender has invoked the powers of sale contained in the Security Deed. For your information, enclosed please find a Notice of Power of Sale Contained in Deed to Secure Debt, Absolute Assignment of Rents and Security Agreement which has been submitted to the <u>Fulton County Daily Report</u> and will be published once a week for four consecutive weeks prior to the foreclosure sale date of Tuesday, September 7, 2010.

PLEASE GOVERN YOURSELF ACCORDINGLY.

Very truly yours,

WOMBLE CARLYLE SANDRIDGE & RICE
*A Professional Limited Liability Company*

R. Russell Berry, Esq.

Enclosures

cc:   Mr. Randy Jones (via email)
      Ronald D. Clark, Esq. (via email)

WCSR 4407236v1

## NOTICE OF POWER OF SALE CONTAINED IN DEED TO SECURE DEBT, ABSOLUTE ASSIGNMENT OF RENTS AND SECURITY AGREEMENT

STATE OF GEORGIA

COUNTY OF FULTON

Under and by virtue of the power of sale contained in that certain Deed to Secure Debt, Absolute Assignment of Rents and Security Agreement from ODYSSEY (VI) COMMERCIAL DP III, LLC, a Florida limited liability company (now known as ODYSSEY (VIII) DP I, LLC (hereinafter referred to as "Borrower") to BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation (hereinafter referred to as "Lender"), dated March 19, 2008, and recorded in Deed Book 46519, Page 545, et seq., Fulton County, Georgia Records, as modified by Deed to Secure Debt Modification Agreement dated March 19, 2010 and recorded in Deed Book 49049, Page 453, aforesaid records, as affected by Scrivener's Affidavit dated July 1, 2010, recorded in Deed Book 49157, Page 425, aforesaid records (as so modified and affected, the "Security Deed"), the undersigned, as Attorney-in-Fact for Borrower, will sell at public outcry to the highest and best bidder for cash, between the legal hours of sale before the Courthouse door of Fulton County, Georgia, on the first Tuesday in September, 2010 (September 7, 2010) the following described property, to wit:

ALL THAT TRACT OR PARCEL OF LAND lying and being in Land Lot 197, 13th District, Fulton County, Georgia and being more particularly described as follows:

BEGINNING at a point located at the northeasterly mitered corner of the easterly right-of-way of Georgia Highway 279 a/k/a Old National Highway (having a variable right-of-way) and the southerly right-of-way of Georgia Highway 138 a/k/a Jonesboro Road (having a variable right-of-way), thence leaving said point and running with the said right-of-way of Georgia Highway 138 south 89 degrees 01 minutes 25 seconds east 277.74 feet to a point; thence north 82 degrees 55 minutes 33 seconds east, 33.87 feet to a point; thence south 88 degrees 30 minutes 17 seconds east, 665.10 feet to a point; thence leaving the aforesaid right-of-way of Georgia Highway 138 south 01 degrees 29 minutes 43 seconds west, 155.00 feet to a point on the apparent County Line between Fulton County, Georgia and Fayette County, Georgia; thence with the said apparent County Line south 76 degrees 37 minutes 43 seconds west, 938.19 feet to a broken concrete monument found on the aforesaid right-of-way Georgia Highway 279; thence leaving the aforesaid apparent County Line and running with the aforesaid right-of-way of Georgia Highway 279 north 12 degrees 54 minutes 43 seconds west, 76.70 feet to a ½ inch rebar found; thence

278.83 feet along the arc of a curve deflecting to the left, having a radius of 1,956.62 feet and a chord bearing and distance of north 16 degrees 16 minutes 37 seconds west, 278.59 feet to a point located at aforesaid mitered corner; thence across the said miter, north 36 degrees 57 minutes 09 seconds east, 59.62 feet to a point and the POINT OF BEGINNING, containing 268,724 square feet or 6.1691 acres of land, more or less.

Said property containing 6.1691 acres as shown on ALTA/ASCM Survey for Ticor Title Insurance Company, et al, by Terra Mark Professional Land Surveying, certified by Paul B. Cannon, GRLSN 2928, dated May 31, 2007, last revised March 11, 2008.

LESS AND EXCEPT property described in that certain Limited Warranty Deed from Odyssey (VI) Commercial DP III, LLC to WH Capital, L.L.C., dated and filed October 10, 2008 in Deed Book 47259, Page 303, Fulton County, Georgia Records.

Said Security Deed was given to secure a Promissory Note dated March 19, 2008, in the original principal amount of FIVE MILLION ONE HUNDRED SEVENTY-FIVE THOUSAND AND NO/HUNDREDTHS DOLLARS ($5,175,000.00), as modified by Modification to Promissory Note dated March 19, 2010 (as so modified, the "Promissory Note"), with interest thereon as provided in said Promissory Note until paid.

On account of defaults in the terms of the Promissory Note, the Security Deed and other loan documents, including Borrower's failure to pay the secured indebtedness in full at maturity, Lender, the present holder of said Security Deed and Promissory Note, has declared the entire unpaid principal balance of all obligations secured by said Security Deed, including interest to date of sale, to be due and payable immediately.

The debt remaining in default and unpaid, this sale will be for the purpose of satisfying the principal and interest due, amounts, if any, expended by Lender to protect its interest in the Property, and all expenses of this sale, including, without limitation, attorneys' fees.

The Property will be sold subject to outstanding ad valorem taxes and/or assessments and superior easements, restrictions and rights-of-way and other superior matters of record, if any. The Property will also be sold subject to the easements, covenants and restrictions set forth in that certain Declaration of Easements, Covenants and Restrictions recorded in Deed Book 47259, Page 280, Fulton County, Georgia Records and together with the rights and obligations of the

declarant thereunder. The undersigned will execute a deed to the purchaser at the sale as provided in the aforesaid Security Deed.

To the best knowledge and belief of Lender, the equitable title to the Property is vested in Borrower, and the party in possession of the Property is Borrower.

                                      BRANCH BANKING AND TRUST COMPANY,
                                      as Attorney-in-Fact for ODYSSEY (VIII) DP I,
                                      LLC, formerly known as ODYSSEY (VI)
                                      COMMERCIAL DP III, LLC

R. Russell Berry, Esq.
Womble, Carlyle, Sandridge & Rice, PLLC
Attorneys at Law
271 17th Street, N.W., Suite 2400
Atlanta, Georgia 30363
(404) 888-7468

WCSR 4407038v1                               3