IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANCH BANKING AND, TRUST COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ODYSSEY (VIII) DP I, LLC f/k/a ODYSSEY (VI) COMMERCIAL DP III, LLC; LAWRENCE TODD MAXWELL; and WILLIAM D. DROST,<br>Defendants. | CIVIL ACTION FILE<br>NO.: 1:13-CV-00643-RLV |

## DEFENDANTS' JOINT STATEMENT OF ADDITIONAL MATERIAL FACTS

Defendants Odyssey (VIII) DP I, LLC, William D. Drost and Lawrence T. Maxwell ("Responding Defendants"), by and through undersigned counsel and pursuant to Local Rule 56.1(B)(2)(b), hereby file this statement of additional facts that are material and present a genuine issue for trial.

1. Plaintiff presents conflicting statements regarding the principal amount owed. *See* Beck Aff., para. 13, 15, 17 (Doc. 44-9). The actual principal balance is $614,068.52. *See* Falk Aff., para. 15(d); *see generally* Falk Aff., para. 8-15 (setting forth the facts supporting the calculation of this principal balance).

2.      Plaintiff twice initially charged and demanded from Plaintiff an interest rate on amounts owing of 5.5% through the date of demand letters dated July 7, 2010 and August 5, 2010. *See* Ebbs Aff., para. 8 (Doc. 44-10); August 5, 2010 Demand Letter (Doc. 44-7); Falk Aff., para. 12 (referencing the first demand letter of July 7, 2010).  However, Plaintiff *now* seeks interest, including retroactively for dates prior to August 5, 2010, at a rate of 8.25%. *See* Beck Aff., para. 11.

3.      Plaintiff presents an erroneous calculation of interest due as of September 20, 2013 of $160,828.27 and a per diem interest rate of $145.02. *See* Beck Aff., para. 15-16.  However, the outstanding interest, even assuming Plaintiff's interest rate is correct, is just $156,062.96, with a per diem interest rate of just $140.72. *See* Falk Aff., para. 16.

4.      The guaranty agreements allegedly executed by Defendants Drost and Maxwell allow for Plaintiff to recover only those reasonable attorney fees that were "paid or incurred" by Lender "in endeavoring to collect and enforce the Obligations of Borrower guarantied." *See* Doc. 44-5, at 1 (Maxwell guaranty), Doc 44-6, at 1 (Drost guaranty).  There has been no allegation or evidence provided by Plaintiff that relates to such fees actually "paid or incurred."

5.      Plaintiff attempts to obtain summary judgment on the statutory attorney fees as calculated from the amount of loan principal owed *prior to* the

foreclosure sale that *preceded* the filing of the instant lawsuit. *See* Ebbs Aff., para. 7-8 (Doc. 44-10) (indicating that the demand letter was sent on August 5, 2010 and that the principal balance was approximately $4.4-million); Beck Aff., para. 12-13 (Doc. 44-9) (indicating that a foreclosure sale was conducted on September 7, 2010, reducing the amount owed by $3.9-million and resulting in a principal balance of $632,818.14); Falk Aff., para. 17. The instant lawsuit deals only with an action on the note for the amounts owed *after* application of the foreclosure proceeds (i.e. a deficiency judgment). Using the principal and interest as of September 20, 2013 under Plaintiff's position that 8.25% interest rate was charged, the statutory attorney fees to date would be $77,038.15 as of September 20, 2013—or more than 85% less than the $527,100.62 claimed at paragraph 9 of the Ebbs Affidavit. *See* Falk Aff., para. 18. Using a 5.5% interest rate as set forth in the loan documents, and according to paragraph 16 of the Falk Affidavit the only interest rate which Odyssey was aware Plaintiff was charging, the fees to date drop to $71,836.05. *See* Falk Aff., para. 18.

Respectfully submitted this 4th day of November, 2013.

/s/ Matthew R. Clark
Matthew R. Clark
GA Bar No. 141401

500 South Florida Ave. Ste 420
Lakeland, FL 33801
Telephone: (863) 683-3425

Fax: (863) 683-1066
E-mail: mclark@resbroadway.com

and

        Clark, Campbell, Lancaster & Munson, P.A.
        Ralph H. Schofield, Jr.
        Fla. Bar No. 70543
        (not admitted in the N.D. Ga – for informational purposes only)

        500 South Florida Ave. Suite 800
        Lakeland, FL 33801
        Phone: 863-647-5337
        Fax: 863-647-5012

Counsel for Odyssey (VIII) DP I, LLC and William D. Drost

and

        SAUNDERS LAW GROUP
        By: _s/ Alan L. Perez_

Alan L. Perez
Florida Bar No. 0060409
alan@saunders-law.com
*Admitted Pro Hac Vice*

SANDLER LAW GROUP
Theodore Sandler
Georgia Bar No. 626050
ted.sandler@sandlerlawgroup.com

Counsel for Defendant Lawrence Todd Maxwell

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties through the following CM/ECF participants:

G William Long, III
wlong@wcsr.com
Arthur A. Ebbs
aebbs@wcsr.com

This 4th day of November, 2013

/s/ Matthew R. Clark
Matthew R. Clark
GA Bar No. 141401

500 South Florida Ave. Ste 420
Lakeland, FL 33801
Telephone: (863) 683-3425
Fax: (863) 683-1066
E-mail: mclark@resbroadway.com

and
Clark, Campbell, Lancaster & Munson, P.A.
Ralph H. Schofield, Jr.
Fla. Bar No. 70543
(not admitted in the N.D. Ga – for informational purposes only)

500 South Florida Ave. Suite 800
Lakeland, FL 33801
Phone: 863-647-5337
Fax: 863-647-5012

Counsel for Odyssey (VIII) DP I, LLC and William D. Drost