IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANCH BANKING & TRUST CO., | CIVIL ACTION FILE NO. 1:13-CV-643-RLV |
| Plaintiff, | |
| v. | [Magistrate Judge Baverman] |
| ODYSSEY (VII) DP I, LLC, f/k/a ODYSSEY (VI) COMMERCIAL DP III, LLC, LAWRENCE TODD MAXWELL and WILLIAM D. DROST, | |
| Defendants. | |

# O R D E R

This case has been referred to the undersigned for purposes of conducting a mediation/settlement conference.

Accordingly, it is **ORDERED** that the parties appear before the undersigned on **July 29, 2014, at 10:00 a.m., in Courtroom 1879, 18th Floor**, United States Courthouse and Federal Building, 75 Spring Street, S.W., Atlanta, Georgia 30303, for said conference.

All parties **SHALL** submit a **BRIEF** informal confidential *ex parte* memorandum to the undersigned no later than **12:00 p.m. on July 22, 2014.** Notice

of submission to the Court shall be given to opposing counsel, without divulging the contents of the submission. The memoranda **SHALL NOT** be filed with the Clerk of Court. A party's submission **SHALL** contain the following information: a **concise**, factual, *non-argumentative* recitation of the evidence the party expects to produce at trial, together with the theory of recovery or defense; an analysis of the strengths and weaknesses of the case; an outline of the settlement negotiations to date (as further explained below); and what, if any, impediments exist that inhibit settlement of the case. In their confidential memoranda, the parties **SHALL NOT** reproduce or attach any pleading or document publicly filed with the Clerk. A party's submission shall further avoid inclusion of any generalized recitation of "historical" litigation disputes between the parties or any "finger pointing" or disparaging remarks directed at opposing counsel or the opposing party. A party **SHALL** submit their memorandum within the time provided in this Order by e-mail directly to the undersigned at [alan_j_baverman@gand.uscourts.gov](mailto:alan_j_baverman@gand.uscourts.gov).

    Mediation/settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and have made a serious effort to settle the case on their own. Before arriving at the conference, the parties are to negotiate and make a good faith effort to settle the case without the involvement of the

Court. To that end, no later than **14 days** before the confidential memorandum described above is to be submitted to the undersigned, Plaintiff **SHALL** deliver to Defendant a written itemization of damages and a settlement demand.  No later than **7 days** before the confidential memorandum described above is to be submitted to the undersigned, Defendant shall respond to Plaintiff's demand with a written settlement offer.  If time allows prior to the settlement conference, specific written counter-proposals shall be exchanged.  The parties shall not copy the Court on these demands/offers/counter-proposals but shall bring them to the conference.  **PLEASE NOTE:** The exchange of demands and offers **SHALL** occur even if the parties have recently attempted to settle the case on their own or already have exchanged offers and demands.

If settlement is not achieved before the conference, the parties shall be prepared to engage in further negotiation at the conference.

At the mediation/settlement conference, the parties shall be prepared to make a brief (usually no longer than 10 minutes) presentation of the facts of the case in the presence of the opposing party, discuss with the undersigned the strongest and weakest points in his/her/its own case, and that of the opponent, the latest settlement proposals made, and settlement proposals that they would be willing to make in order to conclude

3

the matter and stop the expense, uncertainty, and anxiety of litigation. Separate, confidential caucuses will then be held with counsel for each party and the parties or a party's representative(s).

Every party **MUST** have present at the settlement conference a representative with full authority to negotiate, approve, and enter into a binding agreement. For a private uninsured party, that means a person with sufficient authority to settle the case in the amount of the opposing party's last offer or demand. An insured party shall appear by a representative of the insurer who is authorized to enter into a binding agreement up to the amount of the opposing party's last offer or demand. An uninsured government party shall appear by a representative authorized to enter into a binding agreement subject to approval by the relevant governing authority. The Court expects to be advised well in advance of the settlement conference if the attendance of any required person presents an undue burden or is otherwise infeasible.

The purpose of the conference is to facilitate settlement of this case. To that end, it will be conducted in such a manner so as not to prejudice any party in the event settlement is not reached. All matters communicated to the undersigned in confidence will be kept confidential and will not be disclosed to any other party, or to the trial judge.

**IT IS SO ORDERED,** this 9th day of May, 2014.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)